**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TODD ANTONY BILLIOT**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 16-12060**

**STATE OF LOUISIANA**                                     **SECTION: "A"(3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Todd Antony Billiot, is a state prisoner incarcerated at the Riverbend Detention Center in Lake Providence, Louisiana.  On February 17, 2009, he pleaded guilty to indecent behavior with a juvenile under Louisiana law and was sentenced to a term of fifteen years imprisonment without benefit of probation, parole, or suspension of sentence.[1]  He did not appeal either his conviction or sentence.

---

[1] State Rec., Vol. 1 of 1, pp. 250, 252, and 260-75.

On August 13, 2010, petitioner filed an application for post-conviction relief with the state district court.² That application was denied on September 21, 2010.³ He did not seek supervisory review of that denial.

On or about November 13, 2013, petitioner filed a motion to correct illegal sentence with the state district court.⁴ That motion was denied on November 25, 2013.⁵ He filed another such motion on or about March 12, 2014,⁶ which was again denied on March 17, 2014.⁷ He then filed yet another such motion on or about July 1, 2014,⁸ which was likewise denied on July 2, 2014.⁹ He did not seek supervisory review with respect to any of those denials.

On or about February 17, 2016, petitioner filed a "Motion for Contradictory Hearing Under Newly Discoverd [sic] Evidence" with the state district court.¹⁰ That motion was denied on March 14, 2016.¹¹ Again, he did not seek supervisory review of that denial.

---

² Id. at pp. 276-83. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the *pro se* filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the filing date placed on the document by the clerk of court. Any slight imprecision resulting from this method is ultimately of no consequence because petitioner's application is untimely by several years.
³ State Rec., Vol. 1 of 1, p. 292.
⁴ Id. at pp. 299-303.
⁵ Id. at p. 304.
⁶ Id. at pp. 309-13.
⁷ Id. at p. 318.
⁸ Id. at pp. 319-23.
⁹ Id. at p. 324.
¹⁰ Id. at pp. 330-40.
¹¹ Id. at p. 341.

On or about April 5, 2016, petitioner filed a "Motion for Production of Documents" with the state district court.[12] That motion was denied on April 12, 2016,[13] and he did not seek supervisory review.

On or about May 31, 2016, petitioner filed the instant federal application for habeas corpus relief in the United States District Court for the Western District of Louisiana,[14] and the matter was later transferred to this Court.[15] The state has filed an answer opposing the application.[16]

As an initial matter, the Court notes that the state's counsel asserts that petitioner has exhausted his state court remedies.[17] However, for the following reasons, that is incorrect.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking habeas corpus relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). On September 26, 2016, the undersigned's staff contacted the Clerk of the Louisiana

---

[12] Id. at pp. 360-64.
[13] Id. at p. 365.
[14] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That date is not apparent from the face of petitioner's application; however, the application was mailed to the Court in an envelope on May 31, 2016. Rec. Doc. 1-5.
[15] Rec. Doc. 3.
[16] Rec. Doc. 12.
[17] Id. at p. 6.

Supreme Court and confirmed that petitioner had filed no applications whatsoever in that court. Accordingly, any and all claims he is asserting in this federal proceeding are clearly unexhausted.

That said, it would not be in the interests of justice and judicial economy to dismiss petitioner's federal application *without* prejudice based on the lack of exhaustion. Because the application is also untimely for the following reasons, it should instead be dismissed *with* prejudice on that basis. Dantzler v. Louisiana, Civ. Action No. 14-742, 2014 WL 5780599, at *2 (E.D. La. Nov. 5, 2014); Williams v. Louisiana, Civ. Action No. 12-670, 2012 WL 5932229, at *4 (E.D. La. July 24, 2012), adopted, 2012 WL 5932072 (E.D. La. Nov. 26, 2012); Champ v. Cooper, Civ. Action No. 11-2187, 2012 WL 396214, at *3 (E.D. La. Jan. 12, 2012), adopted, 2012 WL 396149 (E.D. La. Feb. 7, 2012); see also Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007) ("When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." (citations omitted)).

The state argues,[18] and petitioner in fact concedes,[19] that the instant application is barred by the statute of limitations. That is correct. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[20] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[18] Rec. Doc. 12, pp. 6-7.
[19] Rec. Doc. 1, p. 2, answer to question no. 4.
[20] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, petitioner has not established that those alternative provisions are applicable in the instant case.

> such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
>
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, petitioner pleaded guilty and was sentenced on February 17, 2009. Because he did not file a direct appeal within the thirty days allowed by state law,[21] his conviction and sentence became final no later than March 19, 2009. Accordingly, his period for filing his federal application for habeas corpus relief commenced on that date and then expired one year later on March 19, 2010, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However,

---

[21] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914.

petitioner had no such applications pending before the state courts during the applicable one-year period.[22] Therefore, he clearly is not entitled to statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court expressly cautioned: "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no

---

[22] Although he subsequently filed a post-conviction application and several motions to correct illegal sentence, applications or motions filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

By entering his unconditional guilty plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted. Therefore, even if McQuiggin applies in the context of a guilty plea, petitioner would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Here, petitioner has presented no new evidence of the type or caliber referenced in Schlup. Accordingly, he has not met "the threshold requirement" for McQuiggin to apply. McQuiggin, 133 S. Ct. at 1928. As a result, the "actual innocence" exception does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than March 19, 2010, in order to be timely. Because his federal application was not filed until on or about May 31, 2016, it is untimely and should be dismissed on that basis.[23]

---

[23] **However, in the event that the United States District Judge finds that the application is timely filed, the undersigned again notes that the instant application would still be subject to dismissal on the alternative basis that petitioner failed to exhaust his remedies in the state courts for the reasons explained earlier in this opinion.**

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Todd Antony Billiot be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this thirteenth day of October, 2016.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.